UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN ROBISON,

        Plaintiff,

  -against-             1:13-CV-0651 (LEK/RFT)

MIDLAND FUNDING, a.k.a. MIDLAND
CREDIT MANAGEMENT,

        Defendant.
_____

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

  Plaintiff John Robison ("Plaintiff") commenced this action against Defendant Midland Funding ("Defendant") on June 6, 2013, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Presently before the Court is Defendant's second Motion to dismiss for improper venue or, alternatively, to transfer to the Southern District of Ohio. Dkt. No. 13 ("Second Motion to Dismiss"). For the following reasons, the Motion is granted in part and denied in part, and the case is transferred to the Southern District of Ohio.

**II. FACTS**[1]

  Defendant is a debt collection firm. Dkt. No. 10 ("Amended Complaint") ¶¶ 6, 11. It is incorporated in Kansas and its principal place of business is California. Id. ¶¶ 5-6. Ohio and New York are among the states in which it is authorized to do business. Id. ¶¶ 5, 7.

---

[1] When a court decides a motion to dismiss for improper venue based on the pleadings and affidavits, all allegations are construed in the light most favorable to the plaintiff, and doubts are resolved in the plaintiff's favor. Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007); Popolizio v. Schmit, No. 11-CV-1329, 2013 WL 316545, at *3 (N.D.N.Y. Jan. 28, 2013). Accordingly, the allegations in the Amended Complaint form the basis of this section.

In October 2011, Defendant initiated a series of collection activities against Plaintiff, a resident of Warren County, Ohio. Id. ¶ 2. First, Defendant sent a letter to Plaintiff regarding an alleged debt. Id. ¶ 22. Plaintiff responded to the letter by disputing the alleged debt and requesting validation, but Defendant failed to validate the debt as requested. Id. ¶¶ 23-25.

Next, on June 7, 2012, Defendant filed a complaint against Plaintiff in Mason Municipal Court in Warren County, Ohio, seeking a judgment for $3,886,06. Id. ¶ 26. The case was eventually dismissed on August 8, 2012 following Defendant's filing of a notice of dismissal. Id. ¶ 30.

### III. PROCEDURAL HISTORY

Plaintiff commenced this action on June 6, 2013. Dkt. No. 1 ("Original Complaint"). Plaintiff's Original Complaint alleged that venue was proper under 28 U.S.C. § 1391(b)(2). Original Compl. ¶ 12. After Defendant filed its first Motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), Dkt. No. 9 ("First Motion to Dismiss"), Plaintiff filed an Amended Complaint that alleges venue is proper under 28 U.S.C. §§ 1391(b)(1), (c)(2), and (d), Am. Compl. ¶ 17. On September 12, Defendant again moved to dismiss for improper venue or, alternatively, to transfer to the Southern District of Ohio. Second Mot. to Dismiss. Plaintiff filed a memorandum of law in opposition to Defendant's Second Motion to Dismiss on September 30, and Defendant filed a Reply brief on October 4. Dkt. Nos. 14-1 ("Opposition"); 15 ("Reply").

### IV. MOTION TO DISMISS FOR IMPROPER VENUE UNDER 28 U.S.C. § 1406(a)

#### A. Legal Standard

Under 28 U.S.C. § 1406(a), when a case is filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it

could have been brought." When a defendant moves to dismiss a complaint for improper venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper. See Cold Spring Harbor Lab. v. Ropes & Gray LLP, 762 F. Supp. 2d 543, 551 (E.D.N.Y. 2011). A court considering a Rule 12(b)(3) motion may consider materials outside the pleadings. See, e.g., Martinez v. Bloomberg LP, 883 F. Supp. 2d 511, 513 (S.D.N.Y. 2012); TradeComet.com LLC v. Google, Inc., 693 F. Supp. 2d 370, 375 n.3 (S.D.N.Y. 2010). "If a court chooses to rely on pleadings and affidavits" as opposed to conducting an evidentiary hearing, "the plaintiff need only make a *prima facie* showing of venue." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005) (internal quotation marks, citation, and alteration omitted). In analyzing whether a plaintiff has made the requisite showing, courts "view all the facts in a light most favorable to plaintiff." Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007).

**B. Discussion**

Plaintiff asserts that venue is proper under 28 U.S.C. § 1391(b)(1), which allows a civil action to be brought in "a judicial district in which any defendant resides . . . ." See Am. Compl. ¶ 17; Opp'n at 3-6. A corporate defendant such as Defendant Midland Funding is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2); see also Cicalo v. Harrah's Operating Co., Inc., 06 CIV 221, 2008 WL 1847665, at *6 (S.D.N.Y. Apr. 24, 2008) ("[S]ection 1391(c) equates jurisdiction with venue . . . for corporate defendants." (internal quotation marks omitted)).

Because Defendant has registered to conduct business in New York, this Court has general

3

personal jurisdiction over Defendant.[2]  See STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping Pte Ltd., 560 F.3d 127, 131 (2d Cir. 2009) ("It is well-settled under New York law that registration . . . subjects foreign companies to personal jurisdiction in New York.").  Accordingly, venue in this district is proper under 28 U.S.C. §§ 1391(b)(1).

Having determined that venue is proper and that Defendant is therefore not entitled to dismissal or transfer under 28 U.S.C. § 1406(a), the Court must now consider whether this action should nevertheless be transferred under 28 U.S.C. § 1404(a).

## V.     MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)

### A.  Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  "In any motion to change venue, the movant bears the burden of establishing the propriety of transfer by clear and convincing evidence."  Payless Shoesource, Inc. v. Avalon Funding Corp., 666 F. Supp. 2d 356, 362 (E.D.N.Y. 2009).

A motion to transfer venue requires a two-part inquiry: (1) whether the action might have been brought in the transferee court; and (2) whether transfer is appropriate considering the convenience of both the parties and the witnesses, and in the interest of justice.  See, e.g., Water Res. Grp., LLC v. Powers, 12-CV-3779, 2013 WL 5202679, at *8 (E.D.N.Y. Sept. 13, 2013); Capitol Records, LLC v. VideoEgg, Inc., 611 F. Supp. 2d 349, 365-66 (S.D.N.Y. 2009).  The decision to transfer a case "lies within the sound discretion of the district court."  McQueen v.

---

[2] Although Defendant asserts that venue is improper, Defendant does not dispute the existence of personal jurisdiction in this action and instead cites to various decisions dealing with venue under 28 U.S.C. § 1391(b)(2).  See Dkt No. 13-1 at 2-5; Reply at 2-4.

4

Huddleston & Huddleston, 13-CV-302, 2013 WL 5592804, at *4 (W.D.N.Y. Oct. 10, 2013) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993)); see also Sebrow v. Zucker, Goldberg & Ackerman, LLC, 10-CV-4767, 2012 WL 911552, at *3 (E.D.N.Y. Mar. 16, 2012).

**B. Discussion**

*1. Whether This Action Could Have Been Brought in the Southern District of Ohio*

Under the first part of the venue transfer inquiry, the Court must determine whether the transferee district would have personal jurisdiction over the defendant and would be a proper venue for the dispute. See, e.g., McQueen, 2013 WL 5592804, at *4; Sebrow, 2012 WL 911552, at *3. The Court finds that this action could have been brought in the Southern District of Ohio. Personal jurisdiction would exist because that court has decided that "a violation of the FDCPA constitutes a 'tortious injury' for purposes of [Ohio's] long-arm statute." Guest v. Provident Funding Assocs., 12-CV-224, 2013 WL 1003524, at *4 (S.D. Ohio Mar. 13, 2013); see also Vlach v. Yaple, 670 F. Supp. 2d 644, 648 (N.D. Ohio 2009) (finding personal jurisdiction under Ohio long-arm statute where nonresident collections attorney sent allegedly false letter to Ohio resident). Venue would be proper under 28 U.S.C. § 1391(b)(1) because, as discussed *supra*, Defendant "resides" in the Southern District of Ohio for the purposes of § 1391(b)(1) if that court has personal jurisdiction over Defendant. Venue would also be proper under § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's FDCPA claim occurred there. See 28 U.S.C. § 1391(b)(2); Bates v. C&S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992); Murphy v. Allen Cnty. Claims & Adjustments, Inc., 550 F. Supp. 128, 131-132 (S.D. Ohio 1982). Accordingly, the first part of the transfer inquiry is satisfied.

*2. Whether Transfer Would Be in the Interest of Justice*

In determining the second part of the transfer inquiry, courts weigh a number of factors, including: (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; and (7) the relative means of the parties. New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010).

Having reviewed this action in light of these factors, the Court finds virtually no reason for retaining venue in this district. As to the first factor, although "a plaintiff's choice of forum usually receives greater weight than other factors, its weight diminishes when the facts demonstrate little material relation or significant connection to the plaintiff's chosen forum." Novel v. Lowe, 12-CV-01447, 2013 WL 3206977, at *5 (N.D.N.Y. June 24, 2013); see also Romano v. Banc of Am. Ins. Servs., 528 F. Supp. 2d 127, 130-31 (E.D.N.Y. 2007). A plaintiff's choice receives even less weight when the plaintiff, as in this case, does not reside in the chosen forum. See, e.g., Novel, 2013 WL 3206977, at *5; Morales v. Navieras de P.R., 713 F. Supp. 711, 713 (S.D.N.Y. 1989). Accordingly, the Court finds that Plaintiff's decision to sue in the Northern District of New York only weakly weighs against transfer.

The Court notes that Defendant, a large business corporation, has greater means than Plaintiff, and transfer to Ohio might require travel by Plaintiff's New York-based counsel. Nevertheless, it is Plaintiff's counsel—rather than Plaintiff himself—who might be inconvenienced, and the convenience of counsel is not ordinarily entitled to any weight in the transfer analysis. See, e.g., Mitchell v. City of New York, No. 12 Civ. 5933, 2013 WL 5942236, at *3 (S.D.N.Y. Nov. 6,

6

2013); Costello v. Home Depot U.S.A., Inc., 888 F. Supp. 2d 258, 268 (D. Conn. 2012).

Because the Southern District of Ohio is the place where the operative facts occurred and appears far more likely to be the convenient forum for access to evidence and the production of witnesses, and because the Northern District of New York has no relationship to the substance of Plaintiff's claims nor any relationship to Plaintiff himself other than through this litigation, the Court finds that transfer is appropriate under 28 U.S.C. § 1404(a).

## VI. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's second Motion (Dkt. No. 13) to dismiss or transfer is **GRANTED in part and DENIED in part**; and it is further

**ORDERED**, that Defendant's first Motion (Dkt. No. 9) to dismiss or transfer is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court transfer this action to the United States District Court for the Southern District of Ohio; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:   November 14, 2013
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge